Contrary to the defendant’s contention, the hearing court correctly concluded that she was not in custody when she made certain statements to detectives (see People v Centano, 76 NY2d 837, 838 [1990]; People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]) and, therefore, that the administration of Miranda warnings (see Miranda v Arizona, 384 US 436, 444-445 [1966]) was not required during the interview.
The defendant’s challenge to the trial court’s ruling that she could be cross-examined regarding her knowledge of certain prior conduct of her son is without merit. The evidence the People sought to elicit was relevant (see People v Arafet, 13 NY3d 460, 465 [2009]), and any prejudicial effect it may have had did not outweigh its probative value.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.